UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

MARK LACY,

        Plaintiff,

   v.

CHRISTUS ST. VINCENT
REGIONAL MEDICAL CENTER,[1]

        Defendant.

Case No.: 1:25-cv-00118-JMR-SCY

JURY DEMAND

## FIRST AMENDED COMPLAINT

Christus St. Vincent Regional Medical Center terminated Dr. Mark Lacy, an accomplished physician for 25 years, because he is a Christian. The termination came after Defendant received and denied Dr. Lacy's religious accommodation request, which was rooted in his medical expertise and mainstream Christian objection to the re-definition of gender as a social construct untethered from biology. Without any attempt to resolve the conflict, Defendant denied his request and summarily dismissed him, because it held animus against this religious worldview. To vindicate his Title VII rights, Dr. Lacy files this First Amended Complaint per Fed. R. Civ. P. 15(a)(1)(B).

---

[1] Dr. Lacy inadvertently committed a misnomer by suing "Christus Health" in his original complaint. While Christus Health is the entity that owns 100% of Christus St. Vincent Regional Medical Center, out of an abundance of caution and following the facts alleged in Defendant's motion to dismiss (ECF No. 8), Dr. Lacy corrects the name of the proper Defendant to "Christus St. Vincent Regional Medical Center." As set forth herein and contrary to representations made in Defendant's motion (ECF No. 8, ¶19), Defendant fully participated in the underlying EEOC process and is therefore not surprised or prejudiced by this correction.

## PARTIES

1.      Plaintiff Mark Lacy is currently a citizen of the State of New Mexico and resides in Albuquerque, New Mexico. He was hired by Christus St. Vincent Regional Medical Center as a physician in the infectious disease department located in Santa Fe, New Mexico.

2.      Defendant Christus St. Vincent Regional Medical Center ("Christus") is a general hospital that provides healthcare services in Santa Fe, New Mexico.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction under 28 U.S.C. § 1331 because all claims arise under the laws of the United States.

4.      Personal jurisdiction is proper over Defendant Christus because its principal place of business is in the State of New Mexico.

5.      Venue is appropriate because all events giving rise to the claims occurred in this district.

## FACTS COMMON TO ALL CLAIMS

6.      Dr. Lacy is an experienced and licensed physician specializing in infectious disease and is well regarded in his field.

7.      Dr. Lacy is also a practicing Christian who, informed by his Christian faith, believes that sex is a binary between male and female. He believes that the postmodern construction of gender as a social construct violates the God-given dignity of the human person because it leads people who suffer from gender dysphoria away from acceptance of their true, biological sexual identity.

8.    He was a practicing Christian at all relevant times and is still a practicing Christian.

9.    In August 2022, Dr. Lacy was hired to work as a physician in the infectious disease department for Christus Health at one of its hospitals – Christus St. Vincent Regional Medical Center.

10.    At all relevant times, Dr. Lacy performed his medical duties competently, as expected from an experienced physician.

11.    During the morning of June 6, 2023, Dr. Lacy evaluated a patient admitted with a hip infection.

12.    The patient informed Dr. Lacy the room was darkened and had a cold cloth on his forehead due to a painful "migraine" headache. Consequently, Dr. Lacy streamlined the patient's interview. He performed a complete yet uneventful examination at the patient's bedside.

13.    At no time did the patient indicate any preferred pronouns, but Dr. Lacy inferred from the record that the patient was a biological male who wished to become a woman.

14.    The patient subsequently filed a complaint against Dr. Lacy for "misgendering" based on language Dr. Lacy used in the consultation report. The patient indicated that Dr. Lacy refused to use preferred pronouns and was "short and curt," despite never informing Dr. Lacy of the preferred pronouns.

15.  On June 7, 2023, Dr. Lacy was called into an administrative meeting regarding the complaint. He immediately offered to apologize to the patient and insisted he had not meant any offense.

16.  The complaint against Dr. Lacy was handled by an administrator who identifies as a lesbian and who was openly hostile to Dr. Lacy's religious beliefs. This administrator indicated her hostility towards Dr. Lacy's religion, stating "you need to leave whatever religious ideas you have at home when you walk in the door to work here." Up to this point, Dr. Lacy had never invoked his religion during his practice.

17.  At this time, Christus had no specific policies on how to refer to transgender individuals or on the use of preferred pronouns, and this specific patient's medical record did not include details about the patient's preferred pronouns.

18.  On June 14, 2023, Dr. Lacy submitted a request for religious accommodation.

19.  This request expressed his belief, informed by his medical expertise and Christian faith, that sex and gender were determined by biology and was not a social construct. Dr. Lacy also expressed the belief that all human beings possess inherent worth because they are created in the image of God, indicating that he was willing to find an accommodation that would respect all transgender patients in his medical records. He also offered to use gender-neutral language as an alternative to the compelled pronouns contrary to the patient's God-given and natural sex.

20.     The administrator refused to acknowledge Dr. Lacy's commitment to respecting all human beings and refused to engage in any process to find a suitable compromise.

21.     Dr. Lacy was summoned to a meeting and terminated on June 22, 2023, because he would not use "preferred" pronouns.

22.     On September 19, 2023, Dr. Lacy filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the New Mexico Department of Workforce Solutions (equivalent New Mexico state agency) alleging the foregoing. In his charge of discrimination, submitted before undersigned counsel was retained, Dr. Lacy mistakenly named "Christus Health" (Defendant's parent company) as the Respondent.

23.     Despite the misnomer in the EEOC charge, Defendant responded and participated in the EEOC process; this included, for example, Defendant submitting a Position Statement.

24.     In Defendant's Position Statement, Defendant specifically noted: "Although Charging Party named CHRISTUS Health in his Charge, his actual employer was St. Vincent Hospital d/b/a CHRSITUS [*sic*] St. Vincent Regional Medical Center, *and St. Vincent responds as such*." (emphasis added). Defendant went on in its Position Statement to make substantive legal arguments in favor of its position, never arguing that any misnomer required dismissal of the charge by the EEOC.

25.     Dr. Lacy received a Notice of Right to sue from the EEOC on November 8, 2024. He still has not yet received his notice from the New Mexico state agency.[2]

## CAUSE OF ACTION

## COUNT I

## Violation of the Title VII of the Civil Rights Act of 1964

26.     Plaintiff incorporates by reference the above paragraphs as though set forth fully herein.

27.     Christus is required to abide by Title VII's prohibitions on religious discrimination.

28.     Christus discriminated against Dr. Lacy by intentionally and erroneously rejecting his beliefs and religious accommodation request rooted in his Christian faith.

29.     Dr. Lacy was qualified for his position at Christus as evidenced by Christus' employment of Dr. Lacy and his 25 years as an accomplished physician.

30.     Dr. Lacy suffered an adverse employment action in the form of being terminated.

31.     Because Dr. Lacy had sought a compromise that would benefit all parties and ensure the respect of all beliefs, granting his request for a religious accommodation would not have been an undue hardship.

32.     Christus failed to conduct an individualized assessment of Dr. Lacy's religious accommodation request.

---

[2] When he receives such notice, he intends to amend his complaint to add the New Mexico state law equivalent cause of action to his Title VII cause of action.

6

33.    Similarly, considering the fact that Christus had no formal policies in place regarding the use of pronouns, there was no legitimate reason why they could not accommodate him.

34.    Further, there is no legitimate non-discriminatory reason to terminate Dr. Lacy as Defendant maintained no policy that purported to prohibit the private religious beliefs of its physicians. Any possible legitimate nondiscriminatory reason is mere pretext for religious discrimination.

35.    Wherefore, Dr. Lacy requests compensatory damages, punitive damages, and declaratory relief in the form of a declaration stating that Christus violated Dr. Lacy's right to religious accommodation under Title VII.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant him the following relief against Defendant:

a) Damages in an amount to be determined at trial;

b) Declaratory relief;

c) Attorneys' fees, pursuant to 42 U.S.C § 1988(b); and

d) Any other relief the Court deems just and proper.

Dated: May 21, 2025

MARK LACY
*By Counsel*


Respectfully submitted,


/s/ *Benjamin F. North*
Benjamin F. North
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
ben@binnall.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on May 21, 2025, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/ *Benjamin F. North*
Benjamin F. North

*Counsel for Plaintiff*